Law Library

**IN THE SUPERIOR COURT OF GUAM**

| | |
|---|---|
| THE PEOPLE OF GUAM, | ) CRIMINAL CASE NO. CM0661-10 |
| | ) |
| vs. | ) CLERK OF COURT |
| | ) DECISION AND ORDER |
| | ) ON DEFENDANT'S MOTION TO |
| JOEY ROBERTO, | ) DISMISS |
| | ) |
| Defendant. | ) |
| | ) |
| | ) |

This matter came before the HONORABLE VERNON P. PEREZ on December 6, 2011 on Defendant's Motion to Dismiss. Attorney Raymond B. Ilagan represented Defendant, who was present. Attorney James C. Collins appeared on behalf of the Government. Having reviewed the pleadings, the arguments presented and the record, the Court now issues the following Decision and Order.

## BACKGROUND

Defendant is charged with Driving While Under the Influence of Alcohol as a Misdemeanor. Defendant requests dismissal as he argues that the time from the filing of the criminal Complaint against him to the time he was arraigned was in violation of the Prompt Arraignment Rule recently handed down by the Supreme Court of Guam in *People v. Rasauo*, 2011 Guam 14 (hereinafter "*Rasauo II*").

## DISCUSSION

Defendant argues that this case be dismissed for violation of the rule put forth in *Rasauo II*. *See also* 8 GCA §60.10. The recent Supreme Court decision *Rasauo II* requires dismissal where a defendant is not arraigned within 60 days of the date of filing of a formal criminal complaint. Yet, as the Government argues, delay in arraignment may be excused where "good cause" is shown. *Id.* at ¶14. In *Rasauo II*, the Guam Supreme Court found that delay created from the Government choosing to continue with a separate charge before proceeding on a second crime was not good cause delay. Here, the Government alleges that their office was not negligent in dealing with the Defendant and did the most that it could do to expedite

proceedings against Defendant. The Government believes that good cause delay exists where the courts are at fault for setting first appearance hearings beyond 60 days from a formal complaint. In furtherance of that contention, the Government puts forth that the *Rasauo II* decision is focused on prosecutorial delay and does not apply the same strict standards for all Government agencies affiliated with criminal proceedings that exist for the Speedy Trial Right. 8 GCA § 80.60. On the other hand, Defendant argues that even the Court and its officers are subject to the Prompt Arraignment Right defined in *Rasauo II*. That is the crux of the issue before the Court now. Does good cause delay exist where the Court system does not get a defendant to arraignment until 60 days after the complaint was filed?

Defendant argues that the Supreme Court, in *Rasauo II*, aligned prompt arraignment with the Speedy Trial Right by applying the same 60 day standard for a defendant who is not incarcerated. Defendant cites to another Guam Supreme Court decision which the *Rasauo II* Court also quoted. In *People v. Stephen*, the Court stated that prompt arraignment is "a statutory expression of the speedy trial right". 2009 Guam 8 ¶32. Defendant argues that in dismissal motions arising from a violation of the Speedy Trial Right, the courts may also be responsible for the violation. In Speedy Trial Right violations, the remedy is the same as if the Government created the delay, which is at minimum dismissal when no good cause is found. Defendant concludes by arguing that if the Supreme Court intended to align prompt arraignment with the Speedy Trial Right, that the standards applying to the Speedy Trial Right also apply.

The Government argues that the intent behind *Rasauo II* was not to ensure that the courts promptly place all hearings for a Defendant's first appearance within 60 days. The Government contends that the Guam Supreme Court meant only to deter prosecutorial delay or negligence in prosecuting cases. In addition, the Government claims that it would be unreasonable to ask that the calendar for all Guam courts be subject to a 60 day window for arraignments of criminal defendants. This Court interprets the *Rasauo II* decision such that the Superior Court is required to adjust calendaring procedures in accordance with the Prompt Arraignment Rule put forth in *Rasauo II*.

This Court finds no relevant controlling precedent in case law to base its decision, but

*People v. Roberto,*
Decision and Order (Defendant's Motion to Dismiss)
Criminal Case No. CM0661-10        - Page 2 of 4 -

finds it abundantly clear that the Supreme Court did imply that the courts are also responsible for ensuring prompt arraignment. That intent is clear considering the Guam Supreme Court declaring that "this principle is directly embodied in our statutory framework" and quoting 8 GCA §80.50(a) directly after that statement, which provides:

> the welfare of the people of the territory of Guam requires that all proceedings in criminal cases shall be set for trial and heard and determined at the earliest possible time, and it shall be the duty of all courts and judicial officers and of all prosecuting attorneys to expedite such proceedings to the greatest degree that is consistent with the ends of justice. (2006).

Therefore, the Supreme Court made it clear that it intended the Superior Court and its officers to be subject to the Prompt Arraignment Rule put forth in *Rasauo II*. Here, there were more than 60 days from complaint to arraignment and the Court created delay can require dismissal if there is no good cause shown as determined above. The issue now becomes whether there was good cause for delay that the Court and its officers created in arraigning the Defendant?

The Court dated the arraignment hearing to be September 8, 2010 at 9:00a.m. as shown in the Citation and Notice to Appear given to Defendant on September 11, 2009. The Complaint was filed July 26, 2010, which means that the arraignment hearing was scheduled well within the 60 day limit. Defendant did not show at the first appearance hearing after he received and signed the notice of the September 8, 2010 hearing date. There were 43 days between the filing of the Complaint and Defendant's first FTA[1].

The Government does not contend that any good cause exists during the first 43 days and this Court agrees that 43 days expired without good cause as even if Defendant appeared, 43 days would have expired. This Court does find good cause to exist where Defendant fails to appear after being served with notice of a hearing date, which occurred here. After September 8, 2010, this Court finds that good cause exists as Defendant should have been at the scheduled hearing and the Government nor the Court could have done anything in addition to ensure Defendant's presence. Good cause is found for all time since September 8, 2010 as a bench

---

[1] 8 GCA § 1.25(a) discusses the method in which computation of time is done. The first day in which the event or time to be calculated begins is not included in the determination.

warrant was issued and it took more than a month to locate Defendant on the bench warrant. After Defendant finally made his appearance, the Court scheduled arraignment for 12 days after to allow Defendant time to meet and confer with his newly acquired counsel. This Court will find good cause for a reasonable time given to defense counsel to get up to speed[2]. Here, the 12 day delay from October 14, 2010 to October 27, 2010 appears to be perfectly reasonable. In any event, 12 days for Defendant to meet with counsel in addition to the 43 days that already expired without good cause is still fewer than 60 days. Therefore, Defendant's Prompt Arraignment Right has not been violated. This Court could subject a criminal case to dismissal by scheduling arraignment outside the 60 day window, but dismissal will not happen in the present case as all delay over 43 days was attributable to good cause due to the Defendant's inability to come to Court once given notice to appear and his need to meet and confer with counsel.

## CONCLUSION

For the foregoing reasons, the Court DENIES Defendant's Motion to Dismiss. Parties are ordered to return for Criminal Trial Setting on March 13, 2012 at 10:00a.m..

So **ORDERED** this 5ᵗʰ day of March, 2012.

_____
HONORABLE VERNON P. PEREZ
JUDGE, SUPERIOR COURT OF GUAM

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the Clerk of the Superior Court of Guam.

MAR 05 2012

Jerome Q. Dueñas
Deputy Clerk, Superior Court of Guam

---

[2] 8 GCA § 45.30(c) requires that the Court gives reasonable time to allow a defendant to meet and confer with counsel prior to being arraigned. Meeting with and discussing the case with counsel allows the defendant to understand the significance of the arraignment process. *Hamilton v. Alabama*, 368 U.S. 52 (1961)